TOWNSEND ELECTRIC CO. *v.* EVANS, COMMISSIONER
OF FINANCE & TAXATION.

(*Nashville,* December Term, 1951.)

Opinion filed February 9, 1952.

Rehearing denied March 7, 1952.

537

Moss & Benton and Charles L. Hancock, all of Jackson, for appellant.

Roy H. Beeler, Attorney General, William F. Barry, Solicitor General, and Milton P. Rice, Assistant Attorney General, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is an appeal from the Chancery Court of Davidson County in a cause wherein the Chancellor held that the complainant was liable under the Retailers' Sales and Use Tax for taxes assessed against it. The complainant having paid the tax under protest (amounting to $9,415.16) sued to compel a refund, the contention being made that it was not a "consumer" within the express provisions of the statute. The complainant is an electrical

dealer and contractor and purchased supplies which were used in the construction of rural electric transmission lines on premises owned or under the control of complainant's contractees in the performance and completion of a lump sum contract. The Commissioner of Finance and Taxation demurred to the bill, which was sustained by the Chancellor, and an appeal granted.

There are four assignments of error. But we think the real and determinative question is found in the Second Assignment, as follows: ''The Court erred in holding and decreeing that complainant was the user or consumer of all building materials purchased by and delivered to it on or after June 1, 1947, and incorporated into construction projects on the contractees' premises in pursuance of certain contracts with various rural electric cooperatives requiring complainant to assemble and erect completed electrical projects.''

In support of the several assignments the complainant's counsel to say: ''The foregoing four assignments of error are all directed to the basic proposition that complainant was not the consumer or user of the building material and supplies purchased by it subsequent to the effective date of the Act and incorporated into the construction of electrical transmission lines in pursuance of certain contracts involved in this case with various electrical cooperatives on or after June 1, 1947; and that, consequently complainant is not subject to or liable for sales and use tax upon said materials out of which the assessment for sales and use tax in this controversy originated.''

The complainant assails the rules of the Department of Finance and Taxation governing the assessment and collection of the tax in question, and particularly Rule 8, which rule reads as follows:

"Contractor Dealers, Lump Sum and Cost Plus.

"Rule 8:

"Contractors and sub-contractors engaged in the business of erecting, building or otherwise improving, altering and repairing real or personal property for others, may also be engaged in the retail business of selling materials and supplies to other contractors, and consumers and users. If, at the time of purchase, the contractor is unable to segregate that portion of the materials and supplies he will sell at retail and that portion which he will use or consume in the fulfillment of his contracts, he should give a resale certificate to the seller of the materials and supplies. The contractor or sub-contractor purchasing on a resale certificate must include in his gross sales, upon which the tax is to be computed, not only all proceeds from retail sales but in addition he will report and pay the tax on all materials he uses in the performance of his contracts, based on the cost price of such materials and supplies.

"This ruling will only apply to those contractors who are actually engaged in the retail business and they will be required to furnish their registration number in signing a resale certificate."

Before passing to the consideration of the legal question it should be observed that no tax liability was established against the complainant on account of any materials which it had on hand on June 1, 1947, when the sales tax statute became effective. But tax liability was set up against it for all materials delivered to it after that date.

We find no merit in the contention that the rules of the Department of Finance and Taxation, and especially Rule 8, are "arbitrary and unreasonable"; nor can it be said the assailed rule is "inconsistent with the

provisions of the Act." The tax paid by the complainant upon all materials of tangible personal property acquired in Tennessee is "a sales tax"; the tax on such materials acquired by it outside the State is a "use tax." The complainant, being engaged in business as both a dealer and contractor, was required under Rule 8 to report all of its sales and use tax directly to the Department. As a dealer it purchases certain electrical and other material for use in carrying out its contracts.

In considering the factual situation under the "stipulation" the following statement on the State's brief is sound and is in conformity with the intention of the Legislature: "It (complainant) pays no tax to its vendors. As to the materials which appellant withdraws from its stock and incorporates into its contracts it is, so to speak, 'the seller to itself.' In other words, appellant in its capacity as seller makes a taxable transfer to appellant in its capacity as a user. Such transfers stand on exactly the same footing as do transfers from wholesale dealers to appellant or from appellant to its over-the-counter customers."

Able counsel for the complainant insist that the Chancellor was in error in his construction of the sales and use tax statute, in that he failed "to give proper effect to controlling fundamental principles of statutory construction which are directed to giving effect to the true legislative intent."

The construction of the Act, including the validity of Rule 8 and its application to the present controversy, has never been before this Court. It was both natural and proper that the Chancellor should look to decisions in other jurisdictions as authority in construing the statute. But it is argued by appellant's counsel that the reasoning relied upon by him in certain cases is "falla-

cious'' and does not represent the better reasoning, or the rule followed in *Material Service Corporation* v. *Mc-Kibbin,* 1942, 380 Ill. 226, 43 N. E. (2d) 939; *Crane Co.* v. *Arizona State Tax Commission,* 63 Ariz. 426, 163 P. (2d) 656, 163 A. L. R. 268. In other words the principal complaint is that the Chancellor should have followed decisions that were favorable to complainant rather than such as sustained the contention of the State.

The cases upon which the learned Chancellor based his ruling are *Duhame* v. *State Tax Commission,* 65 Ariz. 268, 179 P. (2d) 252, 171 A. L. R. 684; *State* v. *J. Watts Kearny & Sons,* 181 La. 554, 160 So. 77. It is insisted by complainant that the Arizona Supreme Court in the Duhame case was dealing with an ''occupation tax'' and not a ''sales tax''; that it is not applicable to the case at bar.

We have followed with interest the ingenious argument of counsel to the effect that in no sense can the complainant be considered a ''consumer'' within the scope and meaning of our Sales Tax Statute. The vast number of cases, cited on the question of statutory construction, and which deal with any number of revenue acts in the several states, ''Sales Tax'', ''Occupation Tax'' and others, fail to specify any known formula or concept whereby the courts may determine the legislative intent. They fail to furnish any real assistance in the present controversy.

The crux of the case is whether or not the complainant is a ''consumer'' under the Sales Tax Law of Tennessee. Section 2(c), Code Section 1328.23(c) 1, defines a retail sale to mean ''a sale to a *consumer* or to any person for any purpose other than for resale in the form of tangible personal property''. The Legislature removed all doubt as to the meaning of ''tangible personal property''. Thus

in Section 2(*l*), Code Section 1328.23(*l*), it is defined: " 'Tangible personal property' means and includes *personal property,* which may be seen, weighed, measured, felt, or touched, or is in any other manner perceptible to the senses. The term 'tangible personal property' shall not include stocks, bonds, notes, insurance, or other obligations or securities." (Emphasis supplied.)

The complainant in its capacity as an electrical contractor is not a seller of the tangible personal property incorporated into the contract, but is a user of such property. In passing upon this factual issue the Chancellor used the following language: "The complainant, by its undertaking, agreed to construct for a stated sum a completed system for transmitting electric power. In so doing it was not in the business of selling to the contractees' items of tangible personal property as such. In other words, it is not engaged in the business of buying and selling to said contractees, but in so far as they were concerned, it was engaged in the business of buying materials and equipment which it used in the assembling of an electrical project, for delivery to said contractees as a completed unit."

Now the Arizona case, which he cited in his opinion, *Duhame* v. *State Tax Commission,* supra [65 Ariz. 268, 179 P. (2d) 259], held: "When a contractor fabricates his materials for the contractee, and the completed structure is erected on the owner's land, it is as much real property as the land itself. The constituent elements of tangible personal property have been destroyed by their incorporation into the completed structure. And such a contractor, therefore, is not making a sale of tangible personalty to his contractee."

To the same effect is *State* v. *J. Watts Kearny & Sons,* supra [181 La. 554, 160 So. 78], wherein the Court said:

"A contractor who buys building material is not one who buys and sells—a trader. He is not a 'dealer,' or one who habitually and constantly, as a business, deals in and sells any given commodity. He does not sell lime and cement and nails and lumber.

"His undertaking is to deliver to his obligee some work or edifice or structure, the construction of which requires the application of skill and labor to these materials so that, when he finishes his task, the materials purchased are no longer to be distinguished, but something different has been wrought from their use and union. ·The contractor has not resold but has consumed the materials. Sales to contractors are sales to consumers * * *."

■ With due regard for the opinion of the complainant's counsel we can see nothing "fallacious" in the foregoing decisions. The decree of the Chancellor is affirmed.

All concur.

### On Petition to Rehear.

The complainant has filed a lengthy petition to rehear, complaining (1) that the Court "overlooked or else improperly ignored certain pertinent facts, and in addition thereto placed a construction upon the Tennessee Retailers' Sales Tax contrary to the underlying basic legislative concept both expressed and plainly implied by reason of overlooking certain specific language contained in the Act," etc.; (2) that the Court disregarded the "nature of the true legislative concept," in not distinguishing a "true sales tax statute from an occupation tax"; (3) that the Court was in error in stating in the original opinion that the case was tried on demurrer when it was tried on answer and a stipulation.

In response to assignment No. 3 as to the erroneous statement by the Court, we concede that it was error. But it was a pure inadvertence and in no way went to the merits of the controversy. It furnished no basis for the argument that the Court did not consider every issue involved in the controversy. Every question was fully considered, including the answer and the "stipulation", in determining the legal rights of the complainant.

The insistence that error was committed in our construction of the statute is a reargument of the original assignments of error. No new point of law is discussed, and no additional authority is submitted for the Court's consideration that was not fully argued by counsel for the petitioner. It is a mere conclusion of counsel that we *"overlooked* or *ignored* the underlying basic legislative concept" as expressed in the language of the statute.

The petitioner reargues the proposition that this Court, and the court below, committed error in not following the case of *Material Service Corporation* v. *McKibbin*, 380 Ill. 226, 43 N. E. (2d) 939; that the case of *Duhame* v. *State Tax Commission*, 65 Ariz. 268, 179 P. (2d) 252; and *State* v. *J. Watts Kearny & Sons*, 181 La. 554, 160 So. 77, have no application because the statute involved in these cases levied "occupation" taxes rather than sales taxes, as in the case of the Tennessee Sales Statute, and hence should not be followed. The Illinois statute, which was construed by the Illinois Supreme Court, upon which the petitioner apparently based his whole case, likewise levies an "occupation" tax.

We think the opinions in the Arizona and Louisiana cases are sound in principle and fully sustain our construction of the Retailers' Sales Tax Statute of this State.

The petition to rehear is denied.