The S. M. Lawrence Company, a partnership composed of S. M. Lawrence, Sr., S. M. Lawrence, Jr., and Bill Lawrence,

*v.*

Alfred T. MacFarland, Commissioner of Revenue of the State of Tennessee, and George F. McCanless, Attorney General for the State of Tennessee.

355 S.W.2d 100.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

Petition for Rehearing Denied March 7, 1962.

Russell Rice, Jackson, for appellant.

George F. McCanless, Attorney General, Milton P. Rice, David M. Pack, Assistant Attorneys General, Nashville, for appellees.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This was a suit in the Chancery Court of Davidson County, seeking to recover approximately $1,349.86, paid by appellant, The S. M. Lawrence Company, under protest to the State Commissioner of Revenue. The Chancellor dismissed the bill, holding that appellant was a contractor and was therefore liable for the sales or use tax.

The cause presents the question of whether one engaged in the business of contracting for the establishment of air conditioning systems in buildings, which work requires, in addition to the furnishing of a cooling unit, the connection of such unit with electrical and plumbing facilities and the installation of ducts within and through walls, ceilings and floors to convey cool air to various parts of the building, is liable for sales or use tax as a contractor rather than a retail seller of tangible personal property, the contractee being a church or municipality.

It appears that appellant is a partnership engaged in the business of selling coal and appliances, and contracting for the establishment of air conditioning systems in Jackson, Tennessee.

The appellee is charged with the administration and collection of the Tennessee sales and use tax imposed by Chapter 30 of Title 67 of the Tennessee Code Annotated.

It appears that the appellant handles packaged air conditioning equipment, which means self-contained, factory-assembled units of heavy capacity operated by electricity and cooled by water. These are placed by appellant both in existing structures occupied by its customers, and in buildings being constructed by its customers. To make the equipment perform its purpose, it is necessary that it be placed at the desired location in the building and tied in to the electrical and plumbing facilities of the building.

In order to install said duct work, it is necessary to cut through walls, ceilings and floors in existing structures.

The appellee took the position that appellant was not engaged in the business of selling air conditioning equipment as such but in the furnishing to its customers of completed air-conditioning systems pursuant to contract, with a contractor engaged in the construction or improvement of real property, and as such was liable for sales or use tax as the consumer of materials and equipment used in the consummation of its contracts, irrespective of the tax status of its contractees.

It might be said here that appellant claims that these materials went into churches, school buildings and other establishments exempt from taxation.

It appears that the amount involved arises out of these contracts made by appellant, where these installations were made in churches, schools, etc., and appellant contends that therefore it is exempt under the statute from the sales or use tax.

This suit is brought to recover such payment upon the theory that appellant made sales of materials and equipment to its contractees, churches and municipalities, etc., which held tax "exempt certificates" issued by the Commissioner, and therefore appellant was not required to collect the tax from them.

If the transactions between appellant and its customers were "sales" the tax would be due by the purchasers, who being churches and municipalities are exempt under the sales tax law.

Appellant entered into contracts with its customers to sell and install air-conditioning units which required connection with the plumbing facilities of the building, and the running of conduits for electricity, erection of cooling towers and installation of circulating pumps and thermostats.

In order to transmit the warm or cool air over the buildings the appellant installed systems of ducts running from the basic units through walls, ceilings and floors to registers. The contracts called for completed air-conditioning systems, which became permanent parts of the buildings and improvements to the realty.

We are of the opinion that the appellant was a contractor which used the materials and equipment, upon the value of which the tax herein imposed was levied, in the performance of its contracts with its customers and that the customers did not purchase the equipment and have same installed.

In this connection see *Townsend Electric Co. v. Evans,* 193 Tenn. 536, 246 S.W.2d 967; and *McDougall Co. v. Atkins,* 201 Tenn. 589, 301 S.W.2d 335.

It results that the decree of the Chancellor must be affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.