PIDGEON-THOMAS IRON COMPANY et al., Appellants,

*v.*

.SHELBY COUNTY, TENNESSEE, et al., Appellees.

*397 S.W.2d 375.*

(*Jackson,* April Term, 1965.)

Opinion filed December 9, 1965.

JOHN M. HEISKELL, Memphis, MONTEDONICO, GILLILAND, HEISKELL, DAVIS, CANALE & GLANKLER, Memphis, and DONALD W. PEMBERTON, Memphis, BOONE, BOONE, LANGSCHMIDT & PEMBERTON, Memphis, of counsel, for appellants.

EUGENE GREENER, JAMES M. MANIRE, JACK PETREE, JAMES W. WATSON, WILLIAM H. WILLIAMS, Memphis, MILTON P. RICE, Assistant Attorney General, Nashville, BUCHIGNANI & GREENER, Memphis, CHANDLER, MANIRE, CHANDLER & JOHNSON, Memphis, EVANS, PETREE, COBB & EDWARDS, Memphis, LAUGHLIN, WATSON, GARTHRIGHT & HALLE, Memphis, of counsel, for appellees.

MR. SPECIAL JUSTICE ERBY L. JENKINS delivered the opinion of the Court.

The original bill was filed herein by a number of corporations doing business in Shelby County against the defendants named therein, praying for a declaratory judgment under the authority of T.C.A. sec. 23-1101 et seq., with reference to the validity of a resolution passed by the Shelby County Quarterly Court authorizing a referendum on the question of the imposition of a local sales tax, applicable to Shelby County only, to be collected and distributed in accordance with the provisions of Chapter 329, of the Public Acts of 1963, now T.C.A. sec. 67-3049 et seq.

The Resolution adopted by said Quarterly Court providing for a referendum on the question of the imposition of the said local sales tax called for a county-wide referendum to be held within sixty days from the date of the adoption of said Resolution

\* \* \* to determine whether or not the citizens of Shelby County wish to impose upon themselves a local sales tax on the same privileges covered by "THE RETAILERS' SALES TAX ACT," being Chapter 30, Title 67, Tennessee Code Annotated, as amended, and at the rate of one-third (1/3) of the rate levied in the Retailers' Sales Tax Act but in no event to exceed one percent (1%) of the taxable amount.

It was further provided in said Resolution that

\* \* \* in the event the electorate decides to impose the local sales tax upon themselves, then and in that event the tax shall be collected by the Department of Revenue, State of Tennessee, concurrent with the collection of the state tax in the same manner that the state tax is collected; provided that said department has determined that such collection of said tax is feasible and has promulgated rules and regulations governing such collection.

It is then provided that said Department of Revenue shall remit the amount of tax so collected, less a reasonable amount of percentage as determined by the Department to cover the expense of administration and collection.

The Resolution also provides for a levy

\* \* \* subject to the approval of the people of the referendum on Local Option Sales Tax on the same privileges subject to taxation under the Tennessee Retailers' Sales Tax Act.

Acting under the direction of said Resolution, an election was conducted by the proper officials of Shelby

County to determine whether the tax should be imposed, the wording on the ballot being as follows:

> Resolution of Shelby County Court levying tax on same privileges subject to ''THE RETAILERS' SALES TAX ACT'' under Chapter 30, Title 67, Tennessee Code Annotated, as amended, which are exercised within Shelby County to be levied and collected in the same manner and on all such privileges, but not to exceed one-third (1/3) of the rates levied therein; provided that the tax so levied shall not exceed Five Dollars ($5.00) on the sale or use of any single article of personal property, and exempting from such tax consumption or distribution of electric power or energy, natural or artificial gas, or coal and fuel oil.

A space was provided on each voting machine for the elector to vote ''FOR'' or ''AGAINST''. The referendum carried by a substantial vote and the present bill was brought for the purposes aforesaid; that is, to secure a declaration:

(1) That the Resolution of the Quarterly County Court of Shelby County, Tennessee, is invalid on the ground that said Resolution does not in unequivocal language impose a tax; (2) That no proper election was held as required by T.C.A. sec. 67-3053 for the reason that the Resolution was not copied in toto upon the ballot, and that the summary as copied on the ballot did not fairly state the provisions of the Resolution; and (3) In the event the Court should find contrary to the contentions of the complainants, then that certain regulations promulgated by the Commissioner of the Department of Revenue, one of the defendants, be declared to be broader than the enabling statute, and that the Commissioner be

directed to conform the regulations to the enabling statute.

The defendants filed demurrers raising principally the following questions:

(1) The complainants do not have the necessary legal standing to entitle them to the declaration sought.

(2) The subject matter (the assessment and collection of a tax) is not a proper one for declaratory relief.

(3) The complainants are not entitled to have a declaration against the Commissioner of the Department of Revenue, either as to the validity of the regulations as written, or as to the proper regulations which might be issued under the enabling statute.

█ It has been repeatedly held that by demurring the defendant confesses the truth of all properly pleaded facts as set forth in the complaint and relevant inferences of fact deductible from such alleged facts. *Southall v. Billings,* 213 Tenn. 280, 375 S.W.2d 844 (1963); *Zager v. Cobb,* 192 Tenn. 79, 237 S.W.2d 560 (1951); *Williams v. McElhaney,* 203 Tenn. 602, 315 S.W.2d 106 (1958).

In view of our disposition of this case, we find it unnecessary to specifically pass upon the standing of the complainants to maintain this cause. The determinative issues are: (1) Whether the County Resolution is valid; (2) Whether the ballot, as submitted to the voters, was a valid ballot; (3) Are the regulations as promulgated by the Commissioner of the Department of Revenue pursuant to the adoption of said Resolution by the voters valid; and (4) If the local sales tax is valid, has the court the power to make a declaration as to the meaning of the term "single article of personal property?"

. On the questions presented, material assistance has been presented to us through briefs filed by counsel of record. From our review of them, and from our independent research, we find that the Resolution of the Quarterly County Court is a carefully drawn document with the single exception of the paragraph making the tax levy subject to a vote of the people.

Considered independently, this paragraph is nothing more than a meaningless bringing together of words. However, reading the Resolution in its entirety with the specific references to the enabling Act, being Chapter 329 of the Public Acts of 1963, there can be no doubt of the clear intent of the Quarterly County Court to levy, subject to the approval of the electorate, a local sales tax equal to one-third of the State tax, but in no event to exceed one percent and not to exceed $5.00 on the sale of any one article in the sale of personal property.

We agree with the chancellor that said Resolution constitutes a sufficient compliance with said Chapter 329, Public Acts of 1963, and that the demurrers of the defendants in regard to this portion of the bill should be sustained.

We are next confronted with the contention of the complainants that the proposition as stated on the ballot was insufficient to advise the electors as to the precise question upon which they were voting. The wording on the ballot has been set out hereinabove.

We are aware of T.C.A. sec. 2-1210, which provides, in part, that whenever the question of a constitutional amendment or *other question* is so submitted to the vote of the people, such question shall be printed upon the ballot after the list of candidates, followed by the words

"yes" and "no", so that the voter can intelligently vote his preference by making cross marks opposite the proper word.

We find it unnecessary to pass upon the applicability of this section to the issue here presented for the reason that it was the duty of the election officials to make the question precise and direct and we take judicial notice of the manner in which elections of this nature are conducted, together with the attendant publicity to which such controversial issues are exposed. Further, it would be wholly impracticable, if not impossible, to copy the whole of a lengthy resolution on a ballot and even more impracticable to expect the voters to read and digest such resolution and then determine their vote after entering the voting booth.

■ The question now is whether the abbreviated notice on the voting machine, as above set out, gave the voter sufficient information to advise him of the question on which he was to cast his ballot. Did the notice on the ballot convey a reasonable certainty of meaning, or was it so drawn as to limit the information or confuse the voter in making his decision? We think it was properly drawn and it did convey a reasonable certainty of meaning, and there is no reason why a voter could not intelligently cast a vote for or against the Resolution with full knowledge of the consequence of his vote.

■ When citizens vote in a referendum, they are presumed to know the issue on which they are voting, and in the instant case we find that the abbreviated or short form of the pertinent part of the Resolution complies with the statute and that

\* \* \* the voter by reading such notice could intelligently vote his or her preference by making cross marks opposite the proper words.

That is, in this instance, "FOR" or "AGAINST" the imposition of the tax. The people once having voted the courts give great weight to their voice and should not lightly invalidate their action, but should look to those things which make the referendum effective and legal rather than to those which might invalidate it. This exact thought was approved by the Court in *Frazer v. Carr,* 210 Tenn. 565, 579, 360 S.W.2d 449 (1962), quoting from *Louisville & N. R. Co. v. State,* 55 Tenn. 663 (1875), the statement made by Mr. Story in which he said that Constitutions

\* \* \* are instruments of a practical nature \* \* \*. The people make them, the people adopt them, they must be supposed to read them with the help of common sense. \* \* \* They must be interpreted in the light of practical sense and enforced according to their manifest intention.

And, 210 Tenn. at page 586, 360 S.W.2d at page 458, the Court made another significant statement which has application here:

And, after all, this is the people's government. Their wishes, constitutionally expressed, must prevail, no matter how much it upsets the previous status quo.

We, therefore, hold that the summary of the Resolution constitutes such a statement of the question that the voter could intelligently vote his preference and it complied with the statutes of this State.

■ The remaining question concerns the exercise of the rule making power of the Commissioner of the Department of Revenue under T.C.A. sec. 67-3045, and in particular that portion of the regulation which defines personal property. In the absence of a clear showing that the rules promulgated by the Commissioner are arbitrary or contrary to statute, we do not feel that the chancellor should have substituted his judgment for that of the Commissioner, nor do we think that the Commissioner should be required to write his regulations under the watchful eye of the court, although, of course, such regulations are subject to invalidation by the court. We think the chancellor was correct in sustaining the demurrer as to this portion of the bill.

Finally, we believe that the Quarterly County Court of Shelby County had the authority to adopt the Resolution in question, that the same was properly adopted, and that such Resolution was properly and legally submitted to the voters in a referendum for their decision and they decided to impose the tax which they will have to pay to help defray the cost of their local government.

Upon consideration of all the issues raised on this appeal, we are firmly convinced, for the reasons stated herein, that the action of the chancellor in sustaining the demurrer was correct. Affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.