**TENNESSEE BLACKTOP, INC.,**
**Appellant,**

v.

**Thomas D. BENSON, Commissioner of Revenue, State of Tennessee, Appellee.**

Supreme Court of Tennessee.

May 7, 1973.

Vincent Fuqua, James M. Doran, Jr., Manier, Crouch, White & Herod, Nashville, for appellant.

David M. Pack, Atty. Gen. of Tenn., Everett H. Falk, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

JOHN W. WILSON, Special Justice.

The parties will be referred to as in the trial court; that is, Tennessee Blacktop, Inc., as plaintiff, and Thomas D. Benson, Commissioner of Revenue, State of Tennessee, as Commissioner.

The plaintiff filed this action in Part I of Chancery Court of Davidson County seeking to recover from the Commissioner the sum of $34,143.22, plus penalty and interest, which sum it paid under protest with all rights reserved, and which plaintiff avers was wrongfully collected as use taxes.

The cause comes before this Court upon the appeal of the plaintiff from the decree of the Chancellor dismissing the original bill.

By consent order the bill of complaint was amended, as follows:

"By striking the language on page 3 of the Bill quoting T.C.A. 67–3004 and placing in lieu thereof T.C.A. Official Edition 67–3004 as found in the Supplement to the Code, the same reading as follows:

'67–3004. Application of property by contractor.—Where a manufacturer, producer, compounder or contractor erects or applies tangible personal property, which he has manufactured, produced, compounded or severed from the earth, such person so using the tangible personal property shall pay the tax herein levied on the fair market value of such tangible personal property when used, without any deductions whatsoever, provided, however, the foregoing shall not be construed to apply to contractors or sub-contractors who fabricate, erect or apply tangible personal property which becomes a component part of a building, and which is not sold by them as a manufactured item.

Where a contractor or subcontractor hereinafter defined as a dealer, uses tangible personal property in the performance of his contract, or to fulfill contract or sub-contract obligations, whether the title to such property be in the contractor, subcontractor, contractee, subcontractee, or any other person, or whether the title holder of such property would be subject to pay the sales or use tax, except where the title holder is a church and the tangible personal property is for church construction, such contractor or subcontractor shall pay a tax at the rate prescribed by § 67–3003 measured by the purchase price or fair market value of such property, whichever is greater, unless such property has been previously subjected to a sales or use tax,

and the tax due thereon has been paid.'
. . . ."

The original bill avers that the funds in controversy were wrongfully collected as taxes, among other things, as set forth in the amendment above and Tennessee Sales and Use Tax Rules:

"*Rule 103:*

.    .    .    .    .    .

(b) Contractors and sub-contractors who are not in the business of selling tangible personal property which they fabricate to erect or apply as a component part of a building shall pay the Sales or Use Tax on the purchase price of the materials and supplies used in connection with their contract work.

.    .    .    .    .    .

(d) In no case shall the total Sales or Use Tax due, under the provisions of this rule, be less than the tax due on the cost of the materials plus direct labor and overhead involved in fabricating or severing the item of tangible personal property applied to real property, or otherwise used, except as *indicated in b. above.*"

The bill further makes allegations as follows:

That the taxes were wrongfully collected, in violation of T.C.A. § 67–3012, reading in part, as follows:

".    .    .    There shall also be exempted all sales made to the State of Tennessee or any county or municipality within the State."

That the assessment and collection of the tax was illegal because it is discriminatory and is a denial of the equal protection of the laws of the State of Tennessee, and in violation of the Fourteenth Amendment to the Constitution of the United States, which reads as follows:

".    .    .    No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of

the United States; nor shall any state deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

That the assessment and collection of tax is in violation of Article I, Section 8, Clause 3 of the Constitution of the United States, which reads as follows:

"§ 8. The Congress shall have power

. . .

(3) to regulate commerce with foreign nations, and among the several states, and with the Indian tribes;"

That the assessment violates T.C.A. § 67–3007, relating to exemptions as to interstate commerce.

The Commissioner, in his answer, admits the complainant has paid the alleged amount, under protest, but denies that any of the amounts collected were wrongfully collected, but avers that such assessment for the cost of fabrication is pursuant to the dictates of T.C.A. § 67–3004, as interpreted by the Court in McDougall v. Atkins, 201 Tenn. 589, 301 S.W.2d 335 (1957).

The Commissioner admits that Rules 103(b) and (d) of the Tennessee Sales and Use Tax Rules (copied hereinabove) are as quoted in the bill, but avers that all portions of the Rules are relevant and inserts in the answer (a) and (c) of such Rules, as follows:

"(a) Any manufacturer, producer, compounder, or contractor who fabricates, in any manner, any tangible personal property, where its form is changed to some other kind of personal property, or uses tangible personal property which has been severed from the earth, and applies the property, shall pay a sales or use tax upon the fair market value of the fabricated property, or property severed from the earth."

"(c) Any manufacturer, producer, compounder, or contractor who fabricates, in any manner, any tangible personal property, such as machinery, or other equipment for use, shall pay a Sales or Use Tax upon the fair market value of the fabricated property."

The Commissioner denies that T.C.A. § 67–3012 is relevant, as the plaintiff is not alleged to be an arm of the State; it is denied the exception contained in T.C.A. § 67–3004 is in violation of the equal protection clause, or any constitutional provision.

The Commissioner denies that the tax is in violation of Article I, Section 8, Clause 3 of the Constitution of the United States; denies that the instant collection is in violation of T.C.A. § 67–3007; avers that all activity and taxable incidents relative to the taxed process occurred in Tennessee; avers that the tax herein does not regulate commerce and in fact has no relation to interstate commerce; avers that the instant tax is not levied upon the receipts from interstate commerce; avers that no direct sale to the United States Government is alleged in the bill, and avers that the tax imposed herein is upon the privilege of use by the complainant of tangible personal property, such property not previously having been taxed.

The Chancellor filed a written memorandum which, by reference, was made a part of his decree. In this memorandum the Chancellor made a concise statement of the facts, which we insert as follows:

"In its complaint for recovery of use taxes paid under protest, plaintiff Tennessee Blacktop, Inc., contends that the defendant, Commissioner of Revenue, wrongfully assessed and collected use tax from plaintiff with respect to materials used by plaintiff in the manufacture of asphalt for highway surfaces.

Plaintiff is a contractor principally engaged in the construction of roads and highways for the State of Tennessee. In the process of fulfilling its contract obligations to construct roads and highways plaintiff performed acts utilizing machin-

ery and labor to compound asphalt from individual constituent ingredients of tangible personal property, namely sand, mineral aggregate and asphalt cement. During the compounding process, the form of the property was changed by destroying the constituent elements of tangible personal property from which the asphalt or 'blacktop' was made.

Plaintiff paid sales tax on the individual constituent items of tangible personal property constituting the ingredients of the asphalt. Defendant assessed and collected use taxes from plaintiff in the amount of $39,143.22, including penalty and interest, with respect to the cost of compounding the asphalt from the ingredients."

We think the Chancellor correctly stated the prime question presented, as follows:

"Is a contractor liable for Tennessee use taxes on the cost of compounding asphalt which it uses in the performance of road construction contracts when the contractor had paid Tennessee sales taxes on the constituent ingredients used to make the asphalt?"

The plaintiff, in his brief, assigns errors as follows:

"I.

The Chancellor erred in holding that the Appellant is liable for use taxes on the cost of mixing ingredients and applying them to roadways under contract with the State of Tennessee and the United States Government, when it has already paid a sales tax on the purchase price of the ingredients.

II.

If the Chancellor was correct in holding that the Appellant was liable for the use tax on the cost of mixing and applying the asphalt, the Chancellor erred in holding that the Appellant was liable for the entire amount assessed by the Appellee."

After the decision in McDougall v. Atkins, supra, the Legislature enacted Chapter 166 of the Public Acts of 1957, which created an exception to the *McDougall* holding by amending T.C.A. § 67–3004, as follows:

"Provided, however, the foregoing shall not be construed to apply to contractors or subcontractors who fabricate, erect or apply tangible personal property which becomes a component part of a *building,* and which is not sold by them as a manufactured item."

The defendant assessed and collected the use tax under T.C.A. § 67–3004 with respect to the labor expense incurred by plaintiff in compounding the asphalt under the general theory noted in the case of McDougall v. Atkins, supra; that had plaintiff purchased asphalt rather than ingredients, plaintiff would have been liable for a sales tax on the purchase price. Such a purchase price necessarily would have included labor expense in compounding the asphalt. Under the assessment made the plaintiff was required to pay, in taxes, what it would have paid had it purchased a finished product (asphalt) and applied it to road surfaces.

Much of the argument in the briefs of the parties revolves around the exception contained in T.C.A. § 67–3004 in favor of tangible personal property which becomes a component part of a building and which exception, as we have stated above, was subsequent to the decision in McDougall v. Atkins, supra, and from which opinion we quote as follows:

"John W. McDougall Company, as a contractor, makes ducts and installs them in buildings. It paid the sales tax on all the sheet metal used, but did not pay any sales tax based on the cost of the labor used in fashioning this sheet metal into ducts. The State exacted an additional payment based on such labor cost. McDougall paid under protest on the theory that it is a tax on labor rather

than a sales tax on tangible personalty, and sued to recover the deficiency assessment so paid. The Chancellor upheld the action of the State, and dismissed the bill. McDougall has appealed.

This may seem at first blush to be a novel application of a sales tax on tangible personalty, but aside from the statute, the logic of the State's position begins to appear when there is recalled the fact that a contractor who erects buildings or installs fixtures therein is not 'a seller of the tangible personal property incorporated into the contract, but is a user of such property'. Hence, such contractor, rather than the contractee owner of the building, is liable for the sales tax on the tangible personal property used. Townsend Electric Co. v. Evans, 193 Tenn. 536, 246 S.W.2d 967.

.        .        .        .        .        .

In this Court's opinion, the language of the 1949 amendment hereinbefore quoted requires a conclusion that the legislature, in its enactment, purposed the stopping of a loop hole of the character stated in the Sales Tax Law by requiring that the cost of the labor be included in computing the amount of the sales tax owed by such contractor. That is, it intended that such labor cost be included in computing the 'fair market value' of the finished product. We are not able to ascribe any other meaning to the language used by the legislature or to otherwise explain why the amendment was enacted. Compliance with this legitimate legislative intent is accomplished by giving that meaning to the expression 'fair market value', as used in that amendment."

It is urged by the plaintiff that the Legislature did not intend to differentiate between "building" and other structures which are considered a part of real property.

On the other hand, the defendant contends that in limiting the exception to a building, the Legislature did not intend to embrace within the scope of the exception all improvements to the realty.

▮ Statutes conferring exemptions from taxation are to be strictly construed against the taxpayer and in favor of the taxing authority. Phillips & Buttorff Mfg. Co. v. Carson, 188 Tenn. 132, 217 S.W.2d 1 (1949). Exceptions from taxation must positively appear in the statute, not by implication. American National Bank & Trust Co. v. MacFarland, 209 Tenn. 263, 352 S.W.2d 441 (1961). Words of a statute should be taken in their natural and ordinary sense without any forced or subtle construction. Moto-Pep, Inc. v. McGoldrick, 202 Tenn. 119, 303 S.W.2d 326 (1957).

▮ In the memorandum filed by the Chancellor, he stated: "It seems clear to me that if the Legislature had intended to extend the coverage of the exemption in the passage of the amendment it would have included other subjects such as a 'road'." With this we agree.

▮ We quote approvingly from the memorandum of the Chancellor, as follows:

" 'Defendant maintains that plaintiff clearly is a compounder of asphalt within the meaning of T.C.A. § 67–3004 in that plaintiff was engaged in making raw or partly finished materials into a produce suitable for use. Manifestly, the ingredients used by plaintiff in making asphalt were not suitable for applying to road surfaces until plaintiff compounded the materials using machinery and labor.' With this I agree since the different ingredients used by the plaintiff in compounding its asphalt is analo-

gous to the fabrication of metal in the cases of McDougall Co. v. Atkins, 201 Tenn. 589, 301 S.W.2d 335.

.   .   .   .   .   .

The plaintiff claims an estoppel against the State on the ground that the Department of Revenue did not allow it an industrial machinery tax as provided in T. C.A. § 67–3002 et seq. The State is not subject to estoppel in regard to the collection of taxes as this has been clearly decided in the case of John Ownbey Co., Inc. v. Butler, 211 Tenn. 366, 365 S.W.2d 33.

In this case there is no double taxation and there is no unconstitutional 'classification against the plaintiff.

The argument that the burden of this tax falls upon the public is the same argument that can be applied to practically every activity in the United States of America."

Under the second assignment the plaintiff contends that the Chancellor erred in holding that plaintiff was liable for the entire amount of the assessment. Plaintiff bases this contention on the proposition that the base used by defendant in determining plaintiff's tax liability was arbitrarily set at $1.00 per ton of asphalt.

The pleadings in this case reflect that the issue of the correctness of the amount of the assessment was not raised therein. Since this issue was not raised by the pleadings, the Chancellor did not err in making his determination.

We are of the opinion that the judgment of the Chancellor should be affirmed. The costs will be assessed against the plaintiff.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.