**ROGERS GROUP, INC.,**
**Plaintiff/Appellee,**

v.

**Joe HUDDLESTON, Commissioner of Revenue of the State of Tennessee, Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section.

Jan. 6, 1995.

Rehearing Denied Jan. 27, 1995.

Permission to Appeal Denied by Supreme Court
May 30, 1995.

Charles W. Burson, Atty. Gen. & Reporter, Steven E. Winn, Asst. Atty. Gen., Nashville, for defendant/appellant.

W. Lee Corbett, Corbett, Crockett & Van Slyke, Nashville, for plaintiff/appellee.

### *OPINION*

CANTRELL, Judge.

The Commissioner of Revenue has appealed the Chancery Court of Davidson County's finding that the Rogers Group, Inc.'s quarrying and asphalt processing activities qualify it for the Industrial Machinery Exemption, the Manufacturer's Utilities Exemption, and the Industrial Materials and Explosives Exemption from the sales/use tax. We affirm the lower court's judgment.

### I.

Rogers, a paving contractor, mixes its own asphalt using rock or stone from its quarries. In addition, the company sells crushed rock and/or asphalt to third parties. Whether it sells materials to third parties or uses the materials in fulfilling its paving contracts, Rogers pays the sales tax on these transactions according to the Commissioner's rules.

The dispute is, therefore, not over the tax on retail sales but over whether Rogers qualifies for the following exemptions from the use tax:

(1) The exemption given to Industrial Machinery, Tenn.Code Ann. § 67–6–206(a); and

(2) The exemption provided for Manufacturer's Utilities, Tenn.Code Ann. § 67–6–206(b); and

(3) The exemption for Industrial Materials and Explosives, Tenn.Code Ann. § 67–6–102(23)(E).

### II.

### Industrial Machinery Exemption

Tenn.Code Ann. § 67–6–206(a) says simply that "after June 30, 1983, no tax shall be due with respect to industrial machinery." The dispute here is over the definition of industrial machinery contained in Tenn.Code Ann. § 67–6–102(12) as:

Machinery, apparatus, and equipment with all associated parts, appurtenances, and accessories, including ... repair parts and

any necessary parts or taxable installation labor therefor, which is necessary to and primarily for the *fabrication or processing of tangible personal property for resale, and consumption off the premises ...,* where the use of such machinery, equipment or facilities is by one who engages in such fabrication or processing as one's principal business ... either within or without this state.... (Emphasis added)

An additional definition found in Tenn. Code Ann. § 67–6–102(7) further clarifies the legislative intent:

"Fabricating or processing tangible personal property for resale" means only tangible personal property which is fabricated or processed for ultimate use or consumption off the premises of the one engaging in such fabricating or processing.

In *Southern Hospitality Corp. v. Olsen,* 1985 WL 4416 (unreported opinion filed in Nashville December 17, 1985), the Supreme Court construed the two definitions together and held that industrial machinery is "machinery which is directly and primarily used in fabricating and processing tangible personal property for ultimate use or consumption off the premises of the one engaging in such fabrication or processing."

The Commissioner argues that the key to the exemption is the phrase "for resale" in the definition of industrial machinery and that since less than fifty one percent of the goods processed at any of Rogers' locations are sold to third parties the machinery is not used *primarily* for the fabrication of tangible personal property for resale.

We think the Commissioner's argument fails for two reasons. First, the legislative definition of fabricating or processing property for resale does not focus on the sale but focuses on the property's use or consumption off the premises. That is how the Supreme Court interpreted the exemption in *Southern Hospitality.*

Second, we think that the transfer of the property in a taxable transaction for use and consumption off the premises is identical to a sale—even though a major portion of the property does not change hands until it is

installed by the processor or fabricator. When so viewed the Commissioner's "fifty one percent" rule is satisfied since *all* of the property is transferred off the premises in a taxable transaction. In one of the earliest sales and use tax cases the Supreme Court recognized that a contractor that used goods in fulfilling its obligations to its contractees was a "seller to itself" and such transactions stood on exactly the same footing as transfers to over-the-counter customers. *Townsend Electric Co. v. Evans,* 193 Tenn. 536, 246 S.W.2d 967 (1952).

## III.

### Manufacturer's Utility and Industrial Materials and Explosives Exemptions

The Manufacturer's Utilities Exemption is granted in Tenn.Code Ann. § 67–6–206(b) which provides in relevant part:

(b)(1) Tax at the rate of one percent (1%) is likewise imposed with respect to water when sold to or used by manufacturers. Tax at the rate of one and one-half percent (1.5%) shall be imposed with respect to gas, electricity, fuel oil, coal and other energy fuels when sold to or used by manufacturers.

(2) For the purpose of this subsection, a 'manufacturer' is defined as one whose principal business is fabricating or processing tangible personal property for resale.

The exemption for Industrial Materials and Explosives is found in Tenn.Code Ann. § 67–6–102(23)(E)(i):

23(E) "Sale at retail," "use," "storage," and "consumption" do not include the sale, use, storage or consumption of:

(i) Industrial materials and explosives for future processing, manufacture or conversion into articles of tangible personal property for resale where such industrial materials and explosives become a component part of the finished product or are used directly in fabricating, dislodging, sizing, converting or processing such materials or parts thereof;

The application of both of these sections depends on whether the taxpayer is fabricating or processing tangible personal property for resale. Since we have held that Rogers' activities fit that definition, the issues raised with respect to these exemptions should be resolved in Rogers' favor.

## IV.

We are not overlooking the important principle of Tennessee tax law that exemptions from taxation are construed against the taxpayer who must shoulder the heavy and exacting burden of proving the exemption. *Pan Am World Services, Inc. v. Jackson,* 754 S.W.2d 53 (Tenn.1988). We think, however, that the application of each of these exemptions to Rogers is free of any substantial doubt.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for the collection of the costs accrued in that court and for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.