WILFRED MOLENAOR, Respondent, *v.* WATSON ESTATES, INC., et al., Appellants, Impleaded with Another.

PER CURIAM. The plaintiff states that this is an action in equity to enforce payment of the remainder of a trust vested in plaintiff under the last will and testament of one William Molenaor. The will in question was construed in

*Kiowa Realty Co.* v. *Molenaor* (98 Misc. 694) and also in *Molenaor* v. *VonDerlehr* (192 App. Div. 955).

On April 12, 1812, William Molenaor died seized of property consisting of seven acres of land in the Kingsbridge section. He bequeathed this property by his will as follows: " To my Eldest son David William Molenaor the legemate hirs of his body or to the nearest heirs of his body I do give and bequeath * * * a Seven acre Lot at the Vilage lying on the East of the Kings bridge road and adjoining the same * * * ."

The plaintiff now asks that the will be construed as creating a trust. It was construed in the *Kiowa Realty Co.* case as devising a fee simple to the son, David William. In the litigation against VonDerlehr, the complaint asked for a construction of the will similar to that now sought by plaintiff. Defendant demurred and the demurrer was sustained by Judge Platzek, who said: " Upon the foregoing papers this motion is granted. Plaintiffs' case rests on a construction of the will of William Molenaor in conflict with that adopted in the case of *Kiowa Realty Co.* v. *Molenaor* (98 Misc. 694) where the same will was under construction. While it is true that the judgment in that case cannot be considered on demurrer as a bar to the present action, the decision should nevertheless be followed at Special Term on the principle of *stare decisis.*"

That finding was affirmed by this court in 192 App. Div. 955; appeal dismissed, 231 N. Y. 602.

The complaint may, as the Special Term said, state a cause of action, but the will has already been construed contrary to the construction sought by plaintiff. The complaint should be dismissed on authority of *Molenaor* v. *VonDerlehr* (192 App. Div. 955).

The order appealed from should be reversed with twenty dollars costs and disbursements and the motion to dismiss the amended complaint should be granted.

Present — Martin, P. J., Townley, Untermyer, Cohn and Callahan, JJ.

Order unanimously reversed with twenty dollars costs and disbursements and the motion granted.