In the Matter of the Application of HARRY A. FATHAUER for Admission to Practice as an Attorney. (From the State of Illinois.)—Application granted. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

In the Matter of the Application of BERNARD STERN MEYER for Admission to Practice as an Attorney. (From the State of Maryland.)—Application granted. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

In the Matter of the Application of CHARLES B. SPENCER for Admission to Practice as an Attorney. (From the District of Columbia.)—Application granted. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

In the Matter of the Application of KENNETH FRANKLIN STONE for Admission to Practice as an Attorney. (From the State of Michigan.)—Application granted. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

## (December 22, 1947.)

ATLANTIC & PACIFIC PACKING CO., INC., Respondent, v. ISIDORE WEINSTEIN, Doing Business as WEINSTEIN'S FOOD STORES, Appellant.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ. [See 272 App. Div. 1073; post, p. 811.]

FRANCES BILLINGSLEY, Appellant, v. ALBERT G. ILLICH, Respondent.— Motion for reargument or, in the alternative, to resettle order, denied, without costs. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ. [See 272 App. Div. 1063.]

ERIE RAILROAD COMPANY, Appellant, v. CHARLES H. SELLS, Respondent, et al., Defendants.— Motion for leave to appeal to the Court of Appeals granted. The following question is certified: Was the order of Special Term properly made? Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ. [See 272 App. Div. 1063.]

BERNARD GERLA, Appellant, v. BANKERS TRUST COMPANY, Individually and as Substituted Trustee under the Will of ALBERT S. ROSENBAUM, Deceased, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ. [See ante, p. 770.]

In the Matter of the Application of SIDNEY SARABY, Formerly SIDNEY SARBOFSKY, for Admission to the Bar.— Application denied. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of JAMES SCOVELL, an Attorney.— Motion for reinstatement to practice as an attorney and counselor at law granted. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

307 EAST 72ND STREET CORP., Respondent, v. ANTHONY B. CATALDO, Appellant.— Motion for leave to appeal to the Appellate Division denied, with $10 costs. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

WILLIAM R. CAMPBELL et al., Appellants, v. NASSAU COUNTY et al., Respondents.— In an action to declare void certain resolutions and an ordinance made and passed by defendants, and to enjoin further steps thereunder, order granting defendants' motion, under rule 112 of the Rules of Civil Practice, for judgment on the pleadings, affirmed, with $10 costs and disbursements. Appeal

from order denying plaintiffs' cross motion for examination of defendants before trial dismissed, without costs. Judgment on the pleadings was properly granted to defendants because section 1229 of the Nassau County Government Law (L. 1945, ch. 897) provides that the determination made by the ordinance ([*sic*] "order") may be reviewed by a proceeding under article 78 of the Civil Practice Act, commenced within thirty days from the date of the adoption of the ordinance, and that the determination made by such ordinance shall be "final and conclusive" unless application is made for such review within such period of thirty days. The complaint alleges that the ordinance was adopted October 1, 1945. The complaint was verified June 18, 1947. This action in equity cannot be maintained, not only because the County Government Law provides that the method of review is by a proceeding under article 78, but because the determination made by the ordinance has become "final and conclusive". Hagarty, Acting P. J., Carswell, Johnston and Sneed, JJ., concur; Adel, J., concurs, with the following memorandum: If section 1229 of the Nassau County Government Law (L. 1945, ch. 897, § 5) is properly read by substituting the word "ordinance" for the word "order" then this action in equity cannot be maintained. However, I am further of the opinion that it has been correctly held that the complaint and the annexed exhibits fail to state facts sufficient to apprise defendants of the respects in which it is claimed that the "plan, estimate and report" is incomplete or false or how such matters were concealed. It is claimed that the plan, estimate and report was incomplete in that it may not include the cost of the real estate to be acquired for the sewage disposal district and that it is false in that the estimates of costs made in 1945 were based upon 1940 prices. There are no facts alleged upon which to base these claims. The case of *Staten Island Edison Corp.* v. *Maltbie* (296 N. Y. 374) is inapplicable.