William R. Campbell et al., Plaintiffs, *v.* Nassau County et al., Defendants.

Supreme Court, Special Term, Nassau County, June 4, 1948.

*Marcus G. Christ* for defendants.

*Frederick N. Van Zandt* for plaintiffs.

FROESSEL, J. In an action in equity under the provisions of section 473 of the Civil Practice Act, for a judgment declaring that the Board of Supervisors of Nassau County acted without authority and without, and in excess of, jurisdiction (1) in establishing " Sewage Disposal District No. 2 of Nassau County ", pursuant to an ordinance designated as " Ordinance No. 77, 1945 ", adopted on October 1, 1945, and (2) in the adoption of several resolutions in connection therewith, and to restrain further steps thereunder, the defendants move for an order dismissing the complaint, pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice, on the ground that it is legally insufficient, and pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, on the ground that there is an existing final judgment of a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties.

Heretofore, in a similar action between the same parties (except the plaintiffs Auslander), defendants moved for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice, " on the ground that said complaint does not state facts sufficient to constitute a cause of action." The motion was granted and the complaint dismissed, Special Term in its decision stating: " All of the allegations of the complaint which attack the resolutions and proceedings of the defendants

as illegal and in contravention of law are couched in conclusory language.'' (N. Y. L. J., Sept. 4, 1947, p. 371, col. 4.)

The order entered on said decision, dated September 11, 1947, did not grant plaintiffs leave to plead over.

Upon appeal by the plaintiffs to the Appellate Division, that court affirmed, stating as follows: '' Judgment on the pleadings was properly granted to defendants because section 1229 of the Nassau County Government Law (L. 1945, ch. 897) provides that the determination made by the ordinance ([*sic*] ' order ') may be reviewed by a proceeding under article 78 of the Civil Practice Act, commenced within thirty days from the date of the adoption of the ordinance, and that the determination made by such ordinance shall be ' final and conclusive ' unless application is made for such review within such period of thirty days. The complaint alleges that the ordinance was adopted October 1, 1945. The complaint was verified June 18, 1947. This action in equity cannot be maintained, not only because the County Government Law provides that the method of review is by a proceeding under article 78, but because the determination made by the ordinance has become ' final and conclusive '.'' (*Campbell v. Nassau County,* 273 App. Div. 785, 786.)

The order, and the judgment dismissing the complaint, entered upon this unanimous affirmance likewise failed to give the plaintiffs leave to plead over. The Court of Appeals denied plaintiffs' motion for leave to appeal. (297 N. Y. 1032.) Indeed, plaintiffs' counsel clearly foresaw his present predicament when he asserted in his affidavit embodied in his brief (p. 20) on said motion in the Court of Appeals: '' It [the holding of the Appellate Division] also forever deprives the Plaintiffs, if not corrected by the Court of Appeals, from maintaining a plenary action in equity for a declaratory judgment pursuant to the provisions of section 473 of the Civil Practice Act.''

Were we to consider the complaint in the prior action to have been dismissed solely upon the specific ground assigned by the lower court, there would be no difficulty here, for it is well settled that where leave to plead over is not granted in the order dismissing the complaint for legal insufficiency and a new action is commenced for the same cause, the rule of *res judicata* applies and is a bar to the maintenance of the new action, unless the defects or omissions adjudged to be present in the prior complaint have been corrected or supplied by the complaint in the new action. (*Joannes Brothers Co. v. Lamborn,* 237 N. Y. 207; *Brick v. Cohn-Hall-Marx Co.,* 283 N. Y. 99, 104; *Linton v. Perry Knitting Co.,* 295 N. Y. 14, 17; *Cohen & Sons v. Lurie Woolen Co.,* 232 N. Y. 112, 115.)

In the case at bar, however, the Appellate Division affirmed the *order* of the court below, not upon the ground assigned by Special Term, but for an entirely different reason, namely: " This action in equity cannot be maintained, not only because the County Government Law provides that the method of review is by a proceeding under article 78 [commenced within thirty days from the date of the adoption of the ordinance], but because the determination made by the ordinance has become ' final and conclusive '.''

In the light of that holding, the present complaint is no different than the one previously dismissed. It may be urged that the additional allegations in the present complaint have cured the defect of " conclusory language ", which the court below found in the former complaint, but that is not the basis of the Appellate Division determination, which I have no right to disregard. To put it otherwise, the defendants in the former action moved for judgment on the pleadings upon the ground that the complaint was *legally insufficient.* Special Term granted *that motion* assigning its reason therefor. The Appellate Division affirmed the *order* below but for other reasons above stated. These reasons apply in every respect to the present complaint, hence its determination is now binding upon me.

Nor can I agree with the several other contentions advanced in the diligently prepared brief of plaintiffs' counsel. The fact that the application challenging the complaint in the former action was made under rule 112 of the Rules of Civil Practice, and is now made under subdivision 5 of rule 106 and subdivision 5 of rule 107 of the Rules of Civil Practice, is of no consequence here. Under the circumstances presented by the present application, the defendants' procedure in challenging the complaint is proper, and the moving affidavit of Marcus G. Christ, reciting the final judgment, is entirely competent in support of the motion to dismiss pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice as a bar to the present action.

Moreover, the adoption of the ordinance and resolutions in question was a legislative act not reviewable by the court (*Matter of Village of Hewlett Harbor* v. *County of Nassau,* 272 App. Div. 1065, and cases therein cited), whether the alleged impropriety was one of mistake or design (*Kittinger* v. *Buffalo Traction Co.,* 160 N. Y. 377, 388–392; *McCabe* v. *City of New York,* 213 N. Y. 468, 483–485), unless (1) a constitutional right is invaded such as alleged confiscation in *Staten Island Edison Corp.* v. *Maltbie* (296 N. Y. 374) or unless (2) permission is granted by law. A careful reading of the complaint discloses

no constitutional invasion, the gravamen thereof lying in the fact that while the defendants did disclose in the so-called " General Plan, Estimate and Report ", dated September 7, 1945, an estimate of the cost thereof, they omitted to state that said estimate was based on 1940 prices. Permission for review was granted by the Legislature in section 1229 of the Nassau County Government Law (L. 1945, ch. 897), but since plaintiffs have not availed themselves of this remedy within the thirty-day period therein provided, it follows, by the express provisions of the statute, that the ordinance is now " final and conclusive." It is likewise clear that the period of thirty days for review is in the public interest, for if the procedure with respect to municipal or other Government public improvement projects could be questioned during possible limitation periods in equity actions of as long as ten years, or more where discovery is later, no contractor would dare bid on a contract and no bond issue would ever be sold. (*New York Central & Hudson Riv. R. R. Co.* v. *City of Yonkers,* 238 N. Y. 165, 179.)

Finally, the fact that two new parties plaintiff, namely George and Evelyn S. Auslander, were added to the present action does not prevent the application of the prior judgment as a bar. They, like the three other individual plaintiffs, are taxpayers indistinguishable from other taxpayers of the locality, for the benefit of all of whom the prior action was brought. The former action being one of general interest to all the taxpayers of the sewer district, the judgment rendered therein is conclusive not only upon the immediate parties thereto, but upon the Auslanders as well, as being persons in privity with the plaintiffs in the prior action. (*Peoples Gas & Electric Co.* v. *City of Oswego,* 207 App. Div. 134, affd. 238 N. Y. 606.) If this were not so, litigation of this character would virtually be interminable. Moreover, the doctrine of *stare decisis* would, in any event, be applicable to them. (*Molenaor* v. *Watson Estates, Inc.,* 265 App. Div. 928.)

In the light of the views herein expressed, I am constrained to grant defendants' motion.

Settle order on notice.