John H. Farnham, J.
This action is brought for a declaratory judgment and the defendant Federal Labor Union in its answer has set up a counterclaim and seeks the same relief. The question for determination in the case is the ownership of funds in excess of some $68,000, which result from an accumulation over a period of years, and which now are on deposit and which apparently for some time last past have been on deposit at the First Trust & Deposit Company in the City of Syracuse, New York.
Four motions have been presented in this case for consideration as follows, and they are designated in chronological order:
1. Defendant Federal Labor Union has moved for an order directing that certain questions of fact be framed in this case for submission to a jury.
2. The defendants Dominic Catalino, Harry E. Ryder and the said union also have moved for an injunction pendente lite, wherein they seek to restrain and enjoin the plaintiff and the defendants First Trust & Deposit Company, Michael Mann, John J. Maurillo and George O’Keefe from transferring or disposing of any of the said funds at said defendant bank now held by it to the credit of the said Federal Labor Union, which in the pleadings is designated as Local No. 23983, and, as stated, these funds are the subject matter of this action.
3. By reason of apparent misunderstanding when or at about the time the said defendants procured an order to show cause before Mr. Justice Donald P. Gorman, which instituted the said injunction motion, it developed that counsel for the hereinbeforenamed defendants denied having received the answer of the defendants Mann, Maurillo and O’Keefe although the latter’s *884 counsel informed this court that the answer of said defendants had been served as he recalled. Their counsel has brought on this motion for leave to serve their answer. The court already has determined that the defendants Mann, Maurillo and O’Keefe have leave to serve their answer in this case and this applies not only to service on the plaintiff but on the defendants cross-claiming by way of counterclaiming as well, as herein indicated.
4. The said defendants Mann, Maurillo and O’Keefe, pursuant to rule 113 of the Buies of Civil Practice, also have moved for a summary judgment upon the summons and complaint, the answer and cross claim of the defendants Catalino and Byder, and the answers of the defendant bank, First Trust & Deposit Company, and the defendants Mann, Maurillo and O’Keefe, and accompanying papers.
The background in this case is so extensive that for the purposes of clarification, the court feels that the pertinent facts should be set forth in this decision.
In July of 1959 Dominic Catalino, Harry E. Byder, both individually and as president and treasurer respectively of Federal Labor Union No. 23983, and on behalf of others similarly situated, brought an action in this court against the First Trust & Deposit Company, Michael Mann, John J. Maurillo, George O’Keefe and John Kowalski to enjoin and restrain the defendant named therein from using, disposing of, transferring, paying out or distributing any of the funds, assets and property of Federal Labor Union No. 23983.- At this point, it should be noted that the defendants in this action, particularly Dominic Catalino and Harry E. Bydér, were plaintiffs in the previous action hereinabove referred to, and the defendants First Trust & Deposit Company, Michael Mann, John Maurillo and George O’Keefe also were defendants in said prior action.
For purposes of convenience, Federal Labor Union No. 23983 hereinafter will be referred to as Federal Union. It appears that all the defendants named in said prior action answered and two motions were brought on before the court by the various defendants. The key motion was to dismiss the complaint in that action under rule 106 of the Buies of Civil Practice and for judgment on the pleadings under rules 112 and 113 of the Buies of Civil Practice.
These motions were heard by Mr. Justice William E. McClusky. On October 5, 1959 he rendered his decision, and on October 13, 1959 an order was made by that learned Justice, which, among other things, granted the motion to dismiss the complaint, and the motion for interpleader in the case by the First Trust & Deposit Company also was denied in Justice *885 McClusky’s decision. The order of dismissal was entered and subsequently from that order the plaintiff appealed to the Appellate Division, Fourth Department. This appellate body, on April 7, 1960, without opinion unanimously affirmed the said order of Justice McClusky (10 A D 2d 895). It developed, however, that prior to the affirmance of Justice McClusky’s order by the Appellate Division, the plaintiff herein brought this action for a declaratory judgment against the named defendants demanding judgment in part determining that the plaintiff is the owner of said funds on deposit at the First Trust & Deposit Company and determining that the defendants have no right, title or interest in or to any of said funds.
For further purposes of convenience, the plaintiff in this action in his official capacity as president of Local Union No. 5895, United Steel Workers of America, AFL-CIO, and on behalf of the members of said Local Union, hereafter will be designated as the Steelworkers.
This action was commenced on February 19, 1960. Shortly thereafter and on March 7,1960, the Steelworkers on the return of an order to show cause granted on March 1, 1960, attempted to secure a restraining order from Mr. Justice Gorman against these defendants pending the outcome of said appeal from Justice McClusky’s order of October 13, 1959.
It appears from the affidavit of Richard T. Mosher, counsel for defendants Mann, Maurillo and O’Keefe, sworn to on the 3rd day of May, 1960, that on March 12, 1960 Mr. Justice Gorman ruled that nothing further be done pending the determination of the prior action by the Appellate Division, and that after such determination, counsel would meet in chambers. The desired restraining order was not made by Justice Gorman at that time.
On April 4,1960, the defendants Ryder and Catalino (Federal Union) moved at a Special Term of this court for motions for an order framing certain issues to be determined by jury. This is Motion No. 1, hereinbefore referred to.
On April 7, 1960, as before stated, the Appellate Division affirmed Justice McClusky’s order of October 13, 1959. On April 11,1960, the Federal Union secured an order to show cause before Mr. Justice Gorman upon which the aforesaid Motion No. 2 for an injunction pendente lite is based.
This presents the cross claim by Federal Union against the defendants Mann, Maurillo and O’Keefe which remains for determination as does also the claim of the defendant bank, which seeks relief by way of its interpleader.
*886 Defendants Catalino and Ryder, in the action now before this court in their respective individual and official designations and capacities, were the sole plaintiffs by similar designations in the prior action in which their complaint was dismissed by unanimous affirmance of the Appellate Division of Justice McClusky’s order. Certainly the relief sought by their motion designated as Motion No. 2 in this proceeding is the same as the relief sought by them in the prior action, and the motion of the defendants Catalino and Ryder, under their cross claim or counterclaim seeks injunctive relief, which is similar to the relief which they as plaintiffs sought in the previous action against the defendants Mann, Maurillo, O’Keefe and First Trust & Deposit Company, as this court views it.
In the instant actionj the defendants Catalino and Ryder also pray that the property rights of the Federal Labor Union and its members be adjudicated and determined in this action. It is very clear to this court that the opinion of Justice McClusky in the prior action, with affirmance by the Appellate Division, disposed of this question with finality in which he stated as follows: “ The first question to be determined is whether or not the vote of the Union to change its affiliation constituted a disbandment or withdrawal. It can not be stressed too strongly that the change in affiliation does not constitute a dissolution or disbandment of a local. In fact the change in affiliation necessarily assumes that the organization is intact. Nor is there any evidence for a withdrawal. The local is still part of the A. F. L.C. I. 0. It has not withdrawn and become an independent. Quite the contrary. The funds of the Local are still the funds of the members thereof, although the Local may have different affiliation. There is no issue, therefore, as to disbanding or withdrawing. The issue raised is a spurious one.”
In addition, it does appear in the answer of defendant, Kowalski, in the prior action, which so far as this court is able to determine remains undenied, that the said plaintiffs therein, Catalino and Ryder, as president and treasurer respectively of Federal Union, acquiesced in the appointment of the herein defendant Mann, as trustee and the deputy trustees, and executed signed authorization forms by which they authorized the defendant Mann, as such administrator or trustee duly appointed by the president of AFL-CIO, to sign checks drawing upon the said funds of Federal Union on deposit with the defendant bank. Further, it is alleged in said answer, on information and belief, and this also, so far as this court is able to determine, remains undenied, such duly executed authorization forms were furnished to said defendant bank, and thereafter for *887 some period the said bank duly recognized the signature of defendant Mann upon checks drawn on funds of Federal Union and paid out the same on the basis of such checks. Also, in the same category that the said plaintiffs Catalino and Ryder, defendants now herein, accepted payment by means of checks signed by the defendant Mann for services rendered by them to Federal Union. If this be so, it becomes increasingly difficult for this court to reconcile the activities of the present defendants Catalino and Ryder with reference to their alleged former acknowledgment of the true ownership and control of said fund.
Therefore, this court cannot agree with the contention of counsel for Catalino and Ryder and the members of Federal Union whom they represent that they have been or are deprived of any of their property rights to the property represented by said bank accounts deposited in the defendant bank by Federal Union. That issue was resolved by the decision and order of Justice MoClusky and the defendants Catalino and Ryder are bound thereby.
The said order of Justice MoClusky did not grant Federal Union leave to amend its complaint nor does it appear that such permission ever was sought or requested. The court is aware that the identity of the parties to this action varies slightly from their identity in the first or original action but not to such extent that is material. Certainly the relief sought by the defendants Catalino and Ryder in this motion is the same as the relief sought by them in the prior action. (See Campbell v. Nassau County, 192 Misc. 821, 823, affd. 274 App. Div. 929.) In this case, the court stated on the subject of res judicata as follows:
“ Were we to consider the complaint in the prior action to have been dismissed solely upon the specific ground assigned by the lower court, there would be no difficulty here, for it is well settled that where leave to plead over is not granted in the order dismissing the complaint for legal insufficiency and a new action is commenced for the same cause, the rule of res judicata [italics in original] applies and is a bar to the maintenance of the new action, unless the defects or omissions adjudged to be present in the prior complaint have been corrected or supplied by the complaint in the new action.”
This court can find no reason in the memorandum of law submitted by Federal Union in support of this Motion No. 2 for injunctive relief why the matters now before this court on this motion are not res judicata and, therefore, this court feels that it is bound by such decision, subsequent order thereon and the unanimous findings of the Appellate Division on the appeal affirming the decision and order of Justice MoClusky.
*888 Since the unanimous affirmance by the Appellate Division of Mr. Justice McClusky’s order in the prior case, the defendants Mann, Maurillo and O’Keefe have moved for summary judgment, and on May 9, 1960, by affidavit sworn to on that date by their counsel Bichard T. Mosher in support of said motion, plaintiff’s counsel John E. Shaffer when the said motion was brought on before this court on that date filed with the court a sworn affidavit wherein he states that the plaintiff Brewster, as president, and on behalf of the association and members of Steelworkers, have advised him that they are desirous that the court order an accounting as between the plaintiff and defendants Mann, O’Keefe and Maurillo within 30 days subsequent to the time that the defendant Mann presumably in such capacity as trustee should obtain the bank deposits which are the subject of this action. He prays for alternative judgment in favor of the defendant Mann with direction for such an accounting. In other words, it appears now that the plaintiff Brewster and the defendants Mann, Maurillo and 0 ’Keefe are of one accord, and the latter’s motion seeks summary judgment dismissing plaintiff’s complaint but without prejudice to any rights that the plaintiff now may have or hereafter may acquire to an accounting of the funds described in the complaint by the defendants Mann, Maurillo and O’Keefe. It seeks to strike the answer and dismiss the cross claim of the defendants Catalino and Byder, and it seeks to deny the interpleader of the defendant First Trust' & Deposit Company, to determine and declare that the funds in question be paid to defendant Mann, and to direct payment thereof by defendant First Trust & Deposit Company.
This summary judgment motion is Motion No. 4 first herein referred to. Before finally determining the rights of the parties before the court on these motions, it should be noted that counsel for defendants Catalino and Byder stresses a further fact in the moving papers before the court that the plaintiff herein was not a party to the prior action. Under the situation as it now exists, however, it is apparent that the defendants Mann, Maurillo and 0 ’Keefe stand in the place and stead and now are in the same position with reference to the determination of the ownership of the funds in question as is the plaintiff.
Under the circumstances, Motion No. 1 brought by Federal Union for an order directing the submission of certain questions of fact for jury determination is denied.
Motion No. 2, wherein defendants Catalino and Byder seek an injunction pendente lite, is denied.
Motion No. 3, wherein defendants Mann, Maurillo and 0 ’Keefe seek leave of the court to serve the answer, while now *889 it is academic in nature at this point, if need be, this motion is granted.
With respect to Motion No. 4, wherein the defendants Mann, Maurillo and O’Keefe, pursuant to rule 113 of the Buies of Civil Practice, have moved for a summary judgment, and accompanying motions as set forth (supra), the decision of the court is that said motion be granted, and that the defendants Mann, Maurillo and O’Keefe have judgment dismissing the complaint of the plaintiffs without prejudice to any rights that he now may have or may acquire hereafter to an accounting of the funds described in the complaint by the defendants Mann, Maurillo and O’Keefe, and the court grants further judgment on this motion striking the answer and dismissing the cross claim of the defendants Catalino and Byder, and denies the interpleader of the defendant First Trust & Deposit Company. The court further determines on this motion that the funds described in this action which are the total funds in question now on deposit at defendant bank shall be paid to defendant Mann, and payment thereof by the defendant First Trust & Deposit Company to him hereby is directed upon presentation by him of proper checks for the withdrawal and transfer of said funds to him as trustee aforesaid, and the said defendant Mann is hereby directed to make complete accounting of such funds as pass into his hands under this decision to the officers and/or membership of Local Union No. 5895, United Steelworkers of America, AFL-CIO within a reasonable time. Costs on these motions hereby are granted to defendants Mann, Maurillo and O’Keefe in the amount of $10.