Ellen Davies RODGERS,
Appellant-Plaintiff,

v.

James H. WHITE et al.,
Appellees-Defendants.

Supreme Court of Tennessee.

Sept. 8, 1975.

James M. Manire, William W. Dunlap, Jr., Memphis, for appellant.

C. Cleveland Drennon, Jr., County Atty., Leo J. Buchignani, Buchignani & Greener, John R. Johnson, III, Buchignani & Greener, Memphis, Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, for appellees.

## OPINION

FONES, Chief Justice.

All parties have appealed. White, et al (hereinafter defendants) question the standing of Ellen Davies Rodgers (hereinafter plaintiff) to bring this suit as an election contest. Mrs. Rodgers asserts that the question submitted to the electorate of Shelby County on August 1, 1974, involving the restructure of Shelby County Government, violated T.C.A. § 2–514(e) and renders that election void.

The learned Chancellor held that plaintiff had standing to maintain the action as an election contest and that the question on the ballot did not violate the provisions of T.C.A. § 2–514(e). We affirm.

I

Plaintiff alleged that she had charge of a campaign for the rejection of the Shelby County restructure question submitted to the people of Shelby County, Tennessee, on August 1, 1974. The ground asserted by defendants in their motion to dismiss, that plaintiff had no standing to prosecute the suit, is equivalent to a demurrer and the factual allegation in the complaint that plaintiff had charge of the campaign opposing restructure must be taken as true. *State ex rel Hall v. Minimum Salary Dept. of A. M. E. Church, Inc.*, 477 S.W.2d 11 at 13 (Tenn.1972). Thus it is unnecessary to discuss the contentions of defendants with respect to the affidavit filed by plaintiff, merely supporting said allegation, three (3) days prior to the oral argument of the motion to dismiss in the Chancery Court.

T.C.A. § 2–1701 provides, inter alia:

" * * * Any campaign committee or individual which has charge of a campaign for the adoption or rejection of a question submitted to the people may contest the election on the question. [Acts 1972 (Adj.S.), ch. 740 § 1.]"

Defendants say that a suit by a private citizen to have an election declared void is in the nature of a quo warranto proceeding and must be brought in the name of the state.

We agree with the Chancellor that the gravamen of this action is analogous to *Hatcher v. Bell*, 521 S.W.2d 799 (Tenn.1974) wherein the constitutional disqualification of the successful candidate to hold office was asserted as a ground to void the election. We held that circumstance could be the predicate of an election contest as well as a quo warranto proceeding.

In the present posture of this case, plaintiff has standing to contest the Shelby County restructure question.

II

This brings us to the issue of compliance with the provisions of T.C.A. § 2–514(e).

The title of said section is "Arrangement of Material on Ballots" and subsection (e) reads as follows:

"Whenever a question is submitted to the vote of the people, it shall be printed upon the ballot before or at the top right of the list of candidates, followed by the words 'Yes' and 'No', so that the voter can vote his preference by making a cross mark (X) opposite the proper word. If the full statement of a question is more than three hundred (300) words in length, the question shall be preceded by a clear, brief summary of the proposal not more than two hundred (200) words in length. The summary shall be written by the attorney-general for questions submitted to the voters of the entire state or of more than one county or by the county attorney of the county in which the question is to be voted upon for questions to be submitted to the voters of one (1) county or any part of a county."

The Legislative Act involved is Chapter 260 of the Private Acts of 1974. The first grammatical paragraph of Section One of said act is as follows:

"SECTION 1. Subject to approval of a majority of the voters of Shelby County, voting in the referendum to be held August 1, 1974, the government of Shelby County is hereby restructured and established in the manner and form hereinafter provided:"

Section One continues for approximately twenty-two (22) pages, divided into four (4) articles, numerous sections and sub-sections, providing a governmental structure for Shelby County consisting of an Executive branch headed by a county mayor, and a Legislative branch of eleven (11) members. The powers, functions, and duties of the Executive branch, the Legislative branch and the departments, divisions and bureaus attached thereto are set out explicitly. Budget procedures and other appropriate subjects are also covered. This briefly described remaining portion of Section One may aptly be referred to as the Charter for a restructured government of Shelby Coun-

ty. It is apparent, from a perusal of Section One, that it would be physically impossible to put it on the ballot, in toto, in print of sufficient size to be readable.

Following the charter provisions appears the following, designated as Section Two of the Act:

"SECTION 2. Section 1 of this Act shall have no effect unless the same shall be approved by a majority of the voters voting in an election to be held for such purpose. At the August general election, 1974, the County Election Commission shall place on the ballot for such general election the question as to whether or not the provisions of Section 1 of this Act shall be accepted or rejected by the voters of Shelby County. The ballots used in such election shall have printed thereon the following question: Shall Shelby County Government be restructured to be a Government consisting of an Executive Branch headed by a County Mayor and a Legislative Branch consisting of the eleven (11) members of the Shelby County Quarterly Court (Justices of the Peace)?

Yes

No"

\* \* \* \* \* \*

The question placed on the ballot was in the exact words mandated by the Legislature, as quoted above.

Plaintiff contends that the "question" as set out in Section Two above was not preceded by a clear, brief summary of the proposal. The question that appeared on the ballot consists of thirty-nine (39) words, and as we read the statute a clear, brief summary is not required, unless the statement of the question exceeds three hundred (300) words.

Plaintiff advances several ingenious arguments in an effort to show non-compliance with T.C.A. § 2–514(e). Said contentions assume that Section One of the Act, including the approximately twenty-two (22) pages of "Charter" provisions, is the

"question" for the purpose of applying T.C.A. § 2–514(e).

Our reading of the statute convinces us that the word "question" as used therein refers to the question that is placed upon the ballot. The word "proposal" in the second sentence of the sub-section clearly means the complete proposition, to be approved or rejected by the people.

Applied to the case before us, the "question" is the thirty-nine (39) words framed by the Legislature and placed on the ballot. The "proposal" is Section One of the Act, in toto.

We must presume that the Legislature having drafted the question to appear on the ballot, submitting to the people the proposal to restructure the government of Shelby County, considered the thirty-nine (39) words used to be a "full statement" of the question.

Admittedly the expression "full statement" of the question in the second sentence causes us some concern, because of the possibility of an intent that it be construed as having the same meaning as "proposal." However, if so construed, it would necessarily follow that the Legislature intended, in enacting T.C.A. § 2–514(e) that every proposal submitted to the people must be copied in toto upon the ballot and, if more than three hundred words, to be preceded by a two hundred word summary. That intent is negated by the law that prevailed at the time said sub-section was enacted.

*Pidgeon-Thomas Iron Company v. Shelby County,* 217 Tenn. 288, 397 S.W.2d 375 (1965) approved the abbreviated question that appeared on the ballot, as a proper statement of a lengthy "proposal" of the Shelby County Quarterly Court to levy a sales tax. The Court held that the test of the sufficiency of the abbreviated question was whether or not the notice on the ballot conveyed a reasonable certainty of meaning so that a voter could intelligently cast a vote for or against the proposal with full knowledge of the consequence of his vote.

We reason that if the Legislature had intended that every proposal must be copied in toto, they would have drafted a one sentence section clearly and affirmatively so stating, and adding the requirement that if it exceeded three hundred words it should be proceeded by a two hundred word summary. Obviously T.C.A. § 2–514(e) does not evince that purpose.

Finally, we observe, as did the learned Chancellor, that there is no claim that there was any fraud nor that any voter was confused or mislead. The proposal in toto was widely publicized as were the claims of the proponents and opponents. The question, as drafted by the Legislature, gave the voters of Shelby County sufficient information to enable them to cast their vote intelligently, knowing the consequence thereof.

The decree of the Chancery Court of Shelby County is affirmed. The costs are adjudged against the plaintiff.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.

### OPINION ON PETITION TO REHEAR

A respectful and earnest petition to rehear has been filed in this cause.

We have carefully examined the petition and brief in support thereof and find that no argument is made the substance of which was not presented heretofore.

We sufficiently stated our views upon the issues raised in our original opinion.

The petition to rehear is denied at the cost of appellant.