George W. DEHOFF, Harry Belcher, for and on behalf of the Registered Voters of Rutherford County, Tennessee, and Ben Hall McFarlin, Sr., Appellants,

v.

ATTORNEY GENERAL, State of Tennessee, Secretary of State, State of Tennessee and Rutherford County Election Commission, Defendants, John T. Bragg, Intervening Defendant, Appellees.

Supreme Court of Tennessee.

April 17, 1978.

H. Francis Stewart, Stewart, Ester & Donnell, Nashville, for appellants; Jack G. Heffington, Ben Hall McFarlin, Jr., Richard E. Leddy, Jim K. Duncan, Murfreesboro, of counsel.

John R. Rucker, Rucker & Rucker, Wm. T. Sellers, Smith & Sellers, Murfreesboro, for appellees.

OPINION

BROCK, Justice.

The plaintiffs have appealed from the action of the trial court dismissing their suit for a declaratory judgment upon the

ground that it was an election contest and as such was barred by the ten day period of limitations prescribed for filing of election contests by T.C.A., § 2–1705.

The controversy grows out of the enactment of a private act applicable only to Rutherford County, Chapter 187 of the Private Acts of 1974, which, as stated in its caption, was intended "to relieve the county judge of all judicial functions, powers and responsibilities and to transfer those functions to the Court of General Sessions; and to fix the term of office of the County Judge and his compensation."

Sections 1 and 2 of the Act changes the nature of the office of the County Judge, as described in the caption, and Section 3 reduces the term of the office from eight to four years, providing that:

"After the first day of September, 1974, the term of office of the County Judge of Rutherford County shall be four years, and an incumbent shall hold the said office until his successor is duly elected and qualified."

Section 4 of the Act provided that it should become effective only upon approval of a majority of those voting in a special election and provided that:

"The ballots used in the election shall have printed on them—For a four year term for Rutherford County Judge or Against a four year term for Rutherford County Judge. . . ."

It is noted that the question thus required by the Act to be printed upon the ballot made no reference to the change in the nature of the office of the County Judge, i. e., that all judicial functions, powers and responsibilities were to be transferred from the office of County Judge to the Court of General Sessions.

Pursuant to this private act a referendum election was held in Rutherford County on May 2, 1974, in which the official ballot presented the question as follows, to wit:

"Election submitted to the people of Rutherford County to change the term of Rutherford County Judge from an eight year term to a four year term.

"FOR four year term Rutherford County Judge ☐

"AGAINST four year term Rutherford County Judge" ☐

The majority of the votes cast in this referendum election were FOR the question thus submitted to the voters.

On August 23, 1974, more than three months following the election of May 2, 1974, this action was filed by two citizens of Rutherford County, for and on behalf of the registered voters of the county, contending: (1) that the election was invalid because the question submitted, as set out above, was inadequate and misleading and violated T.C.A., § 2–514(e), and Article XI, Section 9, Constitution of Tennessee, in that it failed to contain any reference to the fact that, in addition to changing the term of the County Judge, the Act also had the effect of transferring all judicial functions, powers and responsibilities of the County Judge to the Court of General Sessions and (2) that the Act violated Article VI, Section 4 of the Constitution of Tennessee which fixes the term of the office of the County Judge at eight years.

The relief prayed by the plaintiffs was that the referendum election of May 2, 1974, be adjudged to be a void election, that the Act, Chapter 187 of the Private Act of 1974, be declared unconstitutional for the reasons above stated and that "the status of the law as pertains to the office of County Judge of Rutherford County be declared to be that as existing prior to the May 2, 1974, special referendum, and that such status be continued until such time as altered by the legislature."

At the direction of the Chancellor, the Honorable Ben Hall McFarlin, Sr., who had been elected to the office of County Judge of Rutherford County in an election held subsequent to the referendum, intervened in the action and adopted the position of the original plaintiffs.

The defendants denied that the act was in violation of any of the statutory or constitutional provisions as alleged, denied that the ballot was misleading or deceptive in any way and asserted that the referendum

election was valid in all respects. The intervening defendant, John T. Bragg, defended upon the further grounds that the complaint should be dismissed because it amounted to an election contest and was not filed within ten days following the election, as required by T.C.A., § 2–1705, and that the plaintiffs did not have standing to maintain an election contest under the provisions of T.C.A., § 2–1701.

The Chancellor heard evidence and argument of counsel and determined that the action was in reality an election contest and as such was required by T.C.A., § 2–1705, to be filed within ten days following the election and, since this action was not filed within that period of time, dismissed· the plaintiff's suit. The Chancellor pretermitted all other questions raised.

■■■ Limitations statutes do not apply to declaratory judgments suits, *as such,* because a declaratory judgment action is a mere procedural device by which various types of substantive claims may be asserted. *Luckenbach Steamship Co. v. United States,* 312 F.2d 545 (2d Cir. 1963). Accordingly, it is necessary to ascertain the nature of the substantive claims sought to be asserted in a declaratory judgment action in order to determine the appropriate statute of limitations. And, if a special statute of limitations applies to a special statutory proceeding, such as an election contest, it will be applied when a declaratory judgment action is employed to achieve the same result as the special proceeding. *Finlayson v. West Bloomfield Township,* 320 Mich. 350, 31 N.W.2d 80 (1948); *Campbell v. Nassau County,* 273 App.Div. 785, 75 N.Y. S.2d 482 (1947); 22 Am.Jur.2d *Declaratory Judgments* § 78 (1965).

■ Accordingly, in the case at bar, it is clear that insofar as the plaintiffs seek to contest the election of May 2, 1974, the applicable period of limitations is the ten days period prescribed by T.C.A., § 2–1705, and since the suit was not filed within that ten day period, it is, to that extent, barred as held by the Chancellor.

The election code of this State does not specifically define "election contest." However, in *Hatcher v. Bell,* Tenn., 521 S.W.2d 799 (1974), this Court, speaking through Mr. Justice Cooper, has given a broad interpretation to the words "election contest" as they are used in the election code. Thus, we said:

"There is no question but that a suit which attempts to go behind the election returns, to recount the votes *or otherwise assail the manner and form of the election* is an election contest. (Citations omitted.) But an election contest is not limited to an attack on the integrity of the election process, nor is it limited to an attack by a candidate who makes claim to the office. . . .

\*     \*     \*     \*     \*     \*

"The election contest statute gives to the unsuccessful candidate the right to contest the validity of the election by suit filed within ten days of the election, without limitation to any specific ground or grounds of contest. We are not inclined to restrict judicially the grounds of contest to eliminate therefrom a challenge to the validity of an election predicated on the constitutional disqualification of the successful candidate at the time of election." (Emphasis added.) 521 S.W.2d at 801, 803.

We also said in the *Hatcher* case that the target of an election contest is the validity of the election.

Subsequently, in *Rodgers v. White,* Tenn., 528 S.W.2d 810 (1975) we held that an action in which the plaintiffs sought to invalidate a referendum election upon the ground that the question submitted to the voters did not comply with the requirements of T.C.A., § 2–514(e), was an election contest rather than a *quo warranto* proceeding and upon this point Mr. Justice Fones, speaking for the Court, said:

"We agree with the Chancellor that the gravamen of this action is analogous to *Hatcher v. Bell,* (citation omitted) wherein the constitutional disqualification of the successful candidate to hold office was asserted as a ground to void the election." 528 S.W.2d at 811.

■ By our decisions in *Hatcher* and *Rodgers, supra,* we are committed to the

broad proposition that insofar as an action seeks a judicial determination that an election is invalid, whatever the cause of invalidity, it is an election contest and, thus, subject to the requirements of the election code for such contests.

Applying these principles to this case, we conclude that, except for the claim that the Act in question violates Article VI, Section 4, Constitution of Tennessee, by reducing the term of the County Judge from eight to four years, the claims asserted by the plaintiffs amount to an election contest which was not filed within the ten days limitation period for such contests. Moreover, since the referendum election ratifying the act is now incontestable and the Act has the effect of transferring all judicial functions, powers and responsibilities from the office of County Judge to the Court of General Sessions, the office of County Judge of Rutherford County ceased to be a *court* within the meaning of Article VI, Section 4 of the Constitution. Hence, the reduction of the term of the "County Judge" from eight to four years is permissible.

The decree of the Chancellor is affirmed. Costs are taxed to the appellants.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.