# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### February 7, 2003 Session

## BOB KIELBASA, ET AL. v. B & H RENTALS, LLC, ET AL.

**Appeal from the Circuit Court for Wilson County**
**No. 11810     John D. Wootten, Jr., Judge**

---

**No. M2002-00129-COA-R3-CV - Filed May 22, 2003**

---

Plaintiffs appeal from the action of the trial court dismissing their Complaint for Declaratory Judgment on the basis that it is barred by the statute of limitations. A previous Petition for Writ of Certiorari under Tennessee Code Annotated section 27-9-101 had been dismissed by the Chancery Court of Wilson County because it was filed after the limitation period provided by Tennessee Code Annotated section 27-9-102 had expired. That dismissal was upheld on appeal and this suit for declaratory judgment followed. The trial court correctly dismissed the complaint because of the expiration of the statute of limitations.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and W. FRANK BROWN, III, SP. J., joined.

Jerry Gonzalez, Nashville, Tennessee, for the appellants, Bob Kielbasa and Veeda Kielbasa.

Gregory S. Gill and Jere N. McCulloch, Lebanon, Tennessee, for the appellees, B & H Rental, LLC and Horizon Concrete, Inc.

Michael R. Jennings, Lebanon, Tennessee, for the appellee, Wilson County.

## OPINION

These parties are before the Court for a second time on identical facts, this Court having previously held that Plaintiffs were barred from relief by their failure to file a Petition for Writ of Certiorari challenging the action of the Wilson County Board of Zoning Appeals within the sixty day statute of limitations provided by Tennessee Code Annotated section 27-9-102. The facts of the case are essentially undisputed. The parties are adjoining landowners. Appellants own property located at 5052 Beckwith Road, Mt. Juliet, Tennessee, same being parcel 58.01, map 78. Appelles own parcel 57, map 78. Priscilla Hand was Appellees' predecessor in title. On July 8, 1997, Priscilla Hand submitted an appeal to the Wilson County Board of Zoning Appeals seeking grant of use on

appeal pursuant to the zoning ordinance in order to construct a concrete plant on parcel 57. As required by the zoning ordinance, notice was properly published in the "Lebanon Democrat," a newspaper of general circulation in Wilson County. Pursuant to this notice, a hearing was held before the Board of Zoning Appeals of Wilson County on July 25, 1997, and the application filed by Ms. Hand was approved by the Board. Appellants did not file their Petition for Writ of Certiorari until April 8, 1998, some 257 days after the action of the Board of Zoning Appeals.

Chancellor C.K. Smith dismissed the Petition for Writ of Certiorari holding that the sixty-day period of limitations provided by Tennessee Code Annotated section 27-9-102 was jurisdictional in its effect, and that failure of Appellants to file their Petition for Writ of Certiorari within sixty days after the Board's action deprived the court of subject matter jurisdiction.

On appeal, this Court held:

The enabling statute which authorizes counties to set up boards to hear zoning matters does not set forth any requirements regarding notice for hearings of this type. *See* Tenn.Code Ann. §§ 13-7-101 to 13-7-117. The statute empowers the board to develop such rules as are necessary for it to carry out its duties. *Id.* The defendant Board's rules regarding notice require different types of notice depending upon the type of relief that is requested. If the request is an appeal from a decision of the Building Inspector, then the rules require that written notice be mailed to "parties of interest" at least five days prior to the hearing. However, if the request is for a special exemption for a use permissible on appeal, then the notice required is publication in the daily paper of general circulation in Wilson County.

In the form which Ms. Hand filled out, she checked she was appealing from a decision of the building inspector, but there is nothing in the record to indicate that the Building Inspector denied a building permit. Attached to the form executed by Ms. Hand, is a typewritten letter signed by Ms. Hand which asks that she be granted "use on appeal" to build a concrete plant. Since there is nothing in the record to show that a building permit was sought and denied, there is no support for petitioners' argument that this should be treated as an appeal from a decision of the Building Inspector which requires that written notice be mailed to all parties of interest.

The Board was required under its rules to publish a notice of the time and place of the meeting in a daily paper of general circulation in Wilson County, and the notice which was published cited the time and place of the Board's meeting and then gave a list of requests which would be presented, including "Priscilla Hand, use located on Beckwith Road/I40." The Board met on April 25th and approved Ms. Hand's request. The Minutes reflect that two adjoining property owners appeared in opposition to the request, and the record further shows that B & H applied for a building permit for the plant on October 16, 1997, which was granted.

The sixty day statute of limitations contained in Tenn.Code Ann. § 27-9-101 is jurisdictional, and the failure to file a Petition for Writ of Certiorari within sixty days of the Board's decision results in said decision becoming final, such that the trial court and consequently this Court are without the jurisdiction to review it. *Thandiwe v. Traughber*, 909 S.W.2d 802 (Tenn.Ct.App. 1994); *Turner v. Tennessee Board of Paroles*, 993 S.W.2d 78 (Tenn.Ct.App. 1999).

*Kielbasa v. Wilson Co. Bd. of Zoning Appeals, et al.*, 2000 WL 564367, * 1-2 (Tn. Ct. App. May 5, 2000) (footnotes omitted).

Appellants filed the present Complaint on August 1, 2001, in the Circuit Court for Wilson County, Tennessee, under Tennessee Code Annotated section 29-14-103, essentially seeking a "declaratory judgment" that the actions taken by the Wilson County Board of Zoning Appeals were invalid under the Wilson County Zoning Ordinance. The Complaint named B & H Rentals, LLC, Horizon Concrete, Inc. and Wilson County as defendants to the action. All defendants moved to dismiss on the basis of the expiration of the statute of limitations provided by Tennessee Code Annotated section 27-9-101.

The decisive question on appeal is not whether a petition for writ of certiorari and a complaint for declaratory judgment asserting the same facts provide alternative remedies, but rather whether or not the relief sought in the declaratory judgment action is the same relief that was available on appeal from the denial of the writ of certiorari.

Clearly, the relief is the same. In the Petition for Writ of Certiorari, Appellants asserted that the decision of the Board of Zoning Appeals was illegal, arbitrary and capricious, and exceeded its jurisdiction because of deficiencies in the Notice of Hearing; that "use of a concrete plant on property zoned I-1 was improper;" the decision of the Board of Zoning Appeals is not supported by material evidence; the action of the Board of Zoning Appeals violated the zoning ordinance; Beckwith Road was not a "major road" within the meaning of the zoning ordinance, and the action of the Board of Zoning Appeals violated a regulation requiring buffering and setback requirements as to adjacent property.

The Complaint for Declaratory Judgment seeks essentially the same relief. As it relates to the expiration of the statute of limitations, the Tennessee Supreme Court held in *Dehoff v. Attorney General*, 564 S.W.2d 361 (Tenn. 1978):

Limitations statutes do not apply to declaratory judgments suits, *as such*, because a declaratory judgment action is a mere procedural device by which various types of substantive claims may be asserted. *Luckenbach Steamship Co. v. United States*, 312 F.2d 545 (2d Cir. 1963). Accordingly, it is necessary to ascertain the nature of the substantive claims sought to be asserted in a declaratory judgment action in order to determine the appropriate statute of limitations. And, if a special statute of limitations applies to a special statutory proceeding, such as an election

contest, it will be applied when a declaratory judgment action is employed to achieve the same result as the special proceeding. *Finlayson v. West Bloomfield Township* 320 Mich. 350, 31 N.W.2d 80 (1948); *Campbell v. Nassau County*, 273 App.Div. 785, 75 N.Y. S.2d 482 (1947); 22 Am.Jur.2d *Declaratory Judgments* § 78 (1965).

Accordingly, in the case at bar, it is clear that insofar as the plaintiffs seek to contest the election of May 2, 1974, the applicable period of limitations is the ten days period prescribed by T.C.A., § 2-1705, and since the suit was not filed within that ten day period, it is, to that extent, barred as held by the Chancellor.

*Dehoff*, 564 S.W.2d at 363 (Tenn. 1978).

A most lucid analysis of this problem is made by the Court of Special Appeals of Maryland.

There is, moreover, an overarching question and it is one as to which we find no guidance in the Maryland case law. What, if any, applicability does the Maryland Statute of Limitations even have to a declaratory judgment action? The Statute of Limitations directs that a civil action be filed within three years of the date it accrues. The accrual of a breach of contract action takes place when the breach occurs. An action for declaratory judgment, however, may be brought even before a breach occurs. The interface between the provisions is extremely "iffy."

The only meaningful academic analysis of this question we have found is a Comment entitled, *Developments in the Law: Declaratory Judgments*, 62 Harv.L.Rev. 787 (1949):

The better rule, toward which the cases seem to be moving, is that *the right to declaratory relief continues until the right to coercive relief, as between the parties has itself been extinguished. . . .* [R]egardless of the time when a right to declaratory relief accrues, *the statute should begin to run when a coercive cause of action arises, and the statutory period should expire on the coercive and the declaratory causes of action simultaneously.* This result would not contravene the statute's policy of preventing unfair surprise and presentation of stale claims. The possibility of declaratory relief cannot be said to subject the party to undue uncertainty so long as coercive relief is or will be available; the evidence of a right cannot be deemed stale so long as that right may yet be transgressed in such a way as to entitle either party to coercive relief. And indeed if the uncertainty is burdensome, the aggrieved party may himself seek a declaration and eliminate his doubt.

The case law throughout the country on this admittedly esoteric subject is extremely skimpy. One of the two meaningful analyses we have found is *Western Cas. & Sur. Co. v. Evans*, 130 Ariz. 333, 636 P.2d 111 (1981). The first observation of the Court of Appeals of Arizona, 636 P.2d at 113, is very true:

> We first note that the question of whether and when statutes of limitations are applicable to declaratory relief actions is a less than clear area of the law.

The Court of Appeals went on to hold that the fact that a sufficient controversy existed to permit a request for declaratory judgment does not itself trigger the Statute of Limitations:

> [T]he fact that either party could have sought a declaration regarding coverage as of the filing of the reservation of right does not mean that the action accrued at that item for statute of limitations purposes. For an action to accrue for limitation purposes, some event in the nature of a breach of contract must have occurred.

636 P.2d at 114.

The most incisive analysis of the problem was undoubtedly that made by the Supreme Court of California in *Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal.2d 719, 146 P.2d 673, 681 (1944):

> We are of the opinion that the period of limitations applicable to ordinary actions at law and suits in equity should be applied in like manner to actions for declaratory relief. Thus, if declaratory relief is sought with reference to an obligation which has been breached and the right to commence an action for "coercive" relief upon the cause of action arising therefrom is barred by the statute, the right to declaratory relief is likewise barred.
>
> . . .

*Commercial Union v. Porter Hayden*, 698 A.2d 1167, 1192-93 (Md. App. 1997).

As the United States Sixth Circuit Court of Appeals has observed: "Because a declaratory judgment action is a procedural device used to vindicate substantive rights, it is time barred only if relief on the direct claim would also be barred. A contrary rule would allow the plaintiff to make a mockery of the statute of limitations by the simple expediency of creative labeling." *International Association of Machinists and Aerospace Workers v. Tennessee Valley Authority*, 108 F.3d 658, 668 (1997).

The triggering event in the case bar, both as to the Petition for Writ of Certiorari and the Complaint for Declaratory Judgment, is the action of the Wilson County Board of Zoning Appeals of July 25, 1997 in granting the application of Ms. Hand to build a concrete plant. The coercive claim to relief from this action lay in an action seeking a Petition for Writ of Certiorari pursuant to Tennessee Code Annotated section 27-9-101. The statute of limitations applicable to such petition was sixty days from and after the action of the Board of Zoning Appeals of July 25, 1997. Petition for Writ of Certiorari was not filed until April 8, 1998. The statute of limitations on the declaratory judgment complaint based upon the same facts and seeking the same relief is likewise barred by Tennessee Code Annotated section 27-9-102.

The trial court properly dismissed the declaratory judgment action as barred by the statute of limitations and that action is affirmed.

Costs of the cause are assessed to Appellants.

_____
WILLIAM B. CAIN, JUDGE