IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 21, 2005

## WAYNE DAVIDSON v. CHARLES TRAUGHBER, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 03C-3510      Thomas W. Brothers, Judge**

---

**No. M2004-01636-COA-R3-CV - Filed December 29, 2005**

---

Plaintiff inmate filed a petition with the Tennessee Department of Corrections for a declaratory ruling that he was entitled to a parole hearing. Upon denial of his petition, Plaintiff inmate filed an action against two Tennessee Board of Probation and Parole employees, seeking judicial review of the denial of his petition. The trial court granted Defendants' motion for summary judgment based upon the expiration of the statute of limitations. Plaintiff inmate appeals and we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Wayne Davidson, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; and Arthur Crownover II, Senior Counsel, for the appellee, State of Tennessee.

### OPINION

On July 23, 2003, Plaintiff, Wayne Davidson (Davidson), an inmate in the custody of the Tennessee Department of Correction (TDOC), filed a petition for a declaratory ruling with the TDOC that he was entitled to a parole hearing before the Tennessee Board of Probation and Parole (TBOPP). Davidson's petition for a declaratory order was denied by the TDOC on September 16, 2003, because of pending misdemeanor charges in Morgan County, Tennessee, General Sessions Court.

On December 11, 2003, Davidson filed a Complaint against Defendants, Charles Traughber and Donna Blackburn, TBOPP employees, in the Davidson County Circuit Court, claiming that the denial of the declaratory order was a violation of his due process rights. Davidson's Complaint sought compensatory and punitive damages, a declaratory ruling that he is entitled to a parole hearing

before the TBOPP, and an injunction against the TBOPP from further denying him the right to meet the TBOPP.

Defendants filed a motion for summary judgment on April 19, 2004, claiming that Davidson's action was barred by the statute of limitations, inmates have no due process rights in parole release hearings, and Plaintiff's action was moot because he was scheduled for a parole hearing on April 21, 2004. On June 24, 2004, the court granted Defendants' motion on the basis of the expiration of the statute of limitations, stating:

> This matter is before this Court on Defendant's Motion for Summary Judgment. After a complete review of the briefs submitted, this motion is well taken. Tenn. Code Ann. § 27-9-102 (2003) requires that petitions for both common-law and statutory writs of certiorari be filed within sixty (60) days from their entry of the judgment. The judgment denying Plaintiff's petition for a declaratory order was denied on September 16, 2003. The Plaintiff did not file his petition for judicial review until December 11, 2003, outside the sixty (60) day requirement. Accordingly, the Defendant's Motion for Summary Judgment is well taken and hereby GRANTED.

Plaintiff filed a timely appeal. Davidson's sole error asserted on appeal concerns whether the trial court erred in dismissing his action on the ground that it was barred by the statute of limitations.

Plaintiff filed what he asserts to be a complaint arising under the Constitution of the United States, particularly the Fourth, Fifth and Fourteenth Amendments thereto and under the Civil Rights Act 42 U.S.C.A. Section 1983. The relief he seeks, however, is a meeting before the Board of Paroles. This is the same relief which he sought in his petition for a declaratory order which was denied by the Department of Correction on September 16, 2003. His remedy was to seek judicial review by certiorari under T.C.A. 27-9-101 et. seq. The statute of limitations is provided by T.C.A. 27-9-102 which requires the petition for judicial review to be filed within sixty days after the September 16, 2003 order of the Department of Correction.

Davidson claims that he did not file a petition for review, as the trial court presumed, but rather a civil rights action. Davidson further asserts that his claim is not time-barred because civil rights actions are entitled to a one year statute of limitations pursuant to Tennessee Code Annotated section 28-3-104(a)(3), which provides:

> (a) The following actions shall be commenced within one (1) year after the cause of action accrued:(3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes;

Tenn. Code Ann. § 28-3-104(a)(3).

"[T]he applicable statute of limitations in a particular cause will be determined according to the gravamen of the complaint." *Swauger v. Haury & Smith Contractors, Inc.*, 512 S.W.2d 261, 262 (Tenn.1974). "[I]n determining the real purpose of a suit the Court must look to the basis for which damages are sought." *Brown v. Dunstan*, 409 S.W.2d 365, 367 (Tenn.1966). Upon reviewing Davidson's Complaint, it is clear that the Complaint is solely concerned with the TDOC's denial of his petition for a declaratory ruling.

Regardless of the terminology used in asserting the action to be a civil rights action, it is in fact an action seeking review of the September 16, 2003 order of the Department of Correction. The sixty day statute of limitations provided by T.C.A. 27-9-102 bars the action. *Wheeler v. City of Memphis* 685 S.W.2d 4 (Tenn. Ct. App. 1984). Creative labeling cannot rescue the case from the expiration of the statute of limitations. *Dehoff v. Atty. Gen'l*, 564 S.W.2d 361 (Tenn. 1978); *Kielbasa et al. v. B & H Rentals, LLC et al.* 2003 WL21297315 (Tenn. Ct. App. May 22, 2003).

Davidson's petition for a declaratory order was denied by the TDOC on September 16, 2003, and Davidson executed the present action on December 11, 2003. Therefore, we find that Davidson failed to file his petition for judicial review within sixty-days of the TDOC's order. The judgment of the trial court is affirmed and the costs of appeal are assessed against Appellant.

 

 

_____
WILLIAM B. CAIN, JUDGE